UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALECIA ROCK, | No. 2:18-cv-00201 AC |
| Plaintiff, | |
| v. | **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for summary judgment will be GRANTED.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on June 23, 2014. Administrative Record ("AR") 20.[2] The disability onset date was alleged to be March 11, 2014. Id. The application was disapproved

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF Nos. 12-3 to 12-60 (AR 1 to AR 3612).

1

initially and on reconsideration.  Id.  On August 24, 2016, ALJ Sheila Walters presided over the hearing on plaintiff's challenge to the disapprovals.  AR 37 – 73 (transcript).  Plaintiff appeared at the hearing with her counsel, Langley Kreuze.  AR 39.  Ann T. Wallace, a Vocational Expert ("VE"), also testified.  Id.

On October 12, 2016, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 20-32 (decision).  On November 29, 2017, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-3.

Plaintiff filed this action on January 30, 2018.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 8, 9.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 16 (plaintiff's summary judgment motion), 19 (Commissioner's cross-motion for summary judgment), 20 (plaintiff's reply).

## II.  FACTUAL BACKGROUND

Plaintiff was born in 1988, and accordingly was, at age 26, a younger person, when she filed her application.[3]  AR 44, 173.  Plaintiff has at least a high school education and can communicate in English.  AR 45, 202, 200.  Plaintiff worked as a customer service advocate.  AR 48, 188.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance."  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v.

---
[3]  See 20 C.F.R. § 404.1563(c).

Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

(quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2019. [AR 177-78].

2. [Step 1] The claimant has not engaged in substantial gainful activity since March 11, 2014, the alleged onset date (20 CFR 404.1571 et seq.).

3. [Step 2] The claimant has the following severe impairments: degenerative joint disease of the hips with multiple surgeries; legs of different lengths; degenerative disc disease of the lumbar spine; iliotibial band syndrome; trochanteric bursitis; myofascial pain syndrome; piriformis syndrome; obesity; borderline personality disorder; affective disorder (mood disorder); cannabis dependence; bipolar disorder; and anxiety disorder (20 CFR 404.1520(c)).

4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. [Residual Functional Capacity ("RFC")] [Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant is able to lift and carry ten pounds frequently and twenty pounds occasionally. The claimant is able to sit for about six hours of an eight-hour workday. She can stand and/or walk for about six hours of an eight-hour workday. The claimant is precluded from working around unprotected heights and hazardous machinery. She is precluded from climbing ladders, ropes, and scaffolds. She is limited to occasional balancing, stooping, kneeling, crouching, and crawling. The claimant is able to perform frequent and fine manipulations. She is able to perform simple, repetitive tasks.

6. [Step 5] The claimant unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born [in 1988] and was 25 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from March 11, 2014, through the date of this decision (20 CFR 404.1520(g)).

AR 20-32

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 32.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to properly assess plaintiff's migraine headaches at step two; (2) improperly evaluating plaintiff's treating physician's opinion; (3) failing to consider the impact of plaintiff's frequent need for medical treatment on her ability to work full-time; (4) improperly evaluating her subjective testimony; and (5) failing to give clear and convincing reasons for rejecting lay witness testimony. ECF No. 16-1 at 22-38. Plaintiff requests that the matter be remanded to the Commissioner for payment of benefits, or in the alternative, for further proceedings with the appropriate corrective instructions. ECF No. 16-1 at 37-38.

### A. The ALJ Properly Found Plaintiff's Migraines Were Nonsevere

#### a. The Step Two Inquiry

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen, 482 U.S. at 140. At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The step two

severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). An ALJ's finding that a claimant is not disabled at step two will be upheld where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment." Ukolov, 420 F.3d at 1005.

Substantial evidence supports the ALJ's conclusion that plaintiff does not suffer from migraines such that it would have more than a slight effect on her ability to perform basic work activities. The ALJ found that plaintiff's migraines and confusion caused only a slight abnormality that would have no more than a minimal effect on her ability to work, and are therefore nonsevere. AR 23. In finding so, the ALJ reviewed plaintiff's medical records including provider notes from November 2014 showing plaintiff did not have neurological issues (AR 1529, ECF No. 12-28) and a CT of her head from September 2015 which indicted no acute changes of the brain. AR 2486 (ECF No. 12-44). Plaintiff presented to treating physician Deepinder Singh, M.D., on February 18, 2016 with complaints of forgetfulness. AR 2808-2812 (ECF No. 12-49). Dr. Singh noted that plaintiff was involved in a motor vehicle accident with possible concussion in September of 2015. AR 2808. While a neurological examination of plaintiff revealed she had mild to difficulty with recall on examination, the remainder of the examination was normal. AR 2811. Furthermore, an MRI of plaintiff's brain in June 2016 revealed incidental left occipital colpocephaly and no acute intracranial process. AR 3533 (ECF No. 12-59).

Further, there is substantial evidence in the record that considering the plaintiff's impairment of migraines and any resulting limitations would not have resulted in a finding that plaintiff is disabled. See Hickman v. Commr, 399 Fed. Appx. 300 (9th Cir. 2010) (unpublished)

(finding failure to include reading disorder as one of claimant's severe impairments at step two harmless because there was substantial evidence in the record that reading disorder would not have precluded claimant from work). Even if the ALJ erred, and the court finds she did not, omissions at step two are often harmless if step two is decided in plaintiff's favor. Burch, 400 F.3d at 682 (concluding any error ALJ committed at step two was harmless because the step was resolved in claimant's favor). Here, step two was decided in plaintiff's favor as the ALJ found multiple severe impairments and continued to the subsequent steps of the sequential evaluation process.

B. The ALJ Properly Weighed Opinions of Treating Physician

a. The Medical Opinion Evidence

The record before the ALJ included the medical opinion of plaintiff's treating physician, Meiling Chiang, M.D. and those of several state agency medical consultants. AR 74-98, 399-405, 524, 544, 812, 814, 831, 976, 1129, 1372, 1494, 1511-12, 2192, 2387-89, 2621, 2844-46, 2904, 2926, 3103, 3161-62. Dr. Chiang opined, among other things, that plaintiff "can't sit longer than 10-15 minutes or stand longer than 15 minutes due to pain" and cannot work. AR 814 (ECF No. 12-15). Dr. Chiang reviewed plaintiff's past diagnoses on August 21, 2014 and noted no changes, but also noted "Patient has no limitation on her activities." AR 1372-73, 1670-71. The ALJ gave "limited weight" to the treating physician's opinion on the grounds that Dr. Chiang's opinion was inconsistent with the objective medical record as a whole. AR 29.

b. Principals Governing the ALJ's Consideration of Medical Opinion Evidence

The Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physician); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). Generally, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). Accordingly, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing

8

physician." Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014) (citing Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)).

If a treating physician's opinion is not contradicted by another doctor, it may only be rejected for clear and convincing reasons supported by substantial evidence. Orn, 495 F.3d at 632 (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Even if the treating physician's opinion is contradicted by another doctor, it may not be rejected unless the ALJ provides specific and legitimate reasons supported by substantial evidence. Id. (quoting Reddick, 157 F.3d at 725). In general, "conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation omitted).

      c. Analysis of Medical Opinion

          i. Meiling Chiang, M.D., Treating Physician

The ALJ did not err in evaluating the opinion of plaintiff's treating physician, Dr. Chiang. The record indicates plaintiff presented to Dr. Chiang with pain and medication issues several times in 2014. AR 544, 831, 524, 976, 982, 1494, 1511-12. Plaintiff visited Dr. Chiang in May 2014 for an evaluation of her hips and back. AR 399-405 (ECF No. 12-10). During this visit, Dr. Chiang indicated plaintiff had a very normal objective orthopedic examination about her hips and lumbar spine. AR 403. Dr. Chiang notes that "patient has no limitation of activities, but [she] does [have] hard time to sit down." AR 1549 (ECF No. 12-28). At the same visit, Dr. Chaing noted plaintiff could not sit for more than 15 minutes and had difficulty standing, but "probably can walk 2 miles." Id. Furthermore, Dr. Chiang opined that plaintiff could not work due to her medical conditions. AR 812 (ECF No. 12-15).

An ALJ may reject an opinion of an examining physician, if contradicted by a non-examining physician, as long as the ALJ gives "specific and legitimate reasons that are supported by substantial evidence in the record." Moore v. Comm'r, 278 F.3d 920, 924 (9th Cir.2002), (citing Lester, 81 F.3d at 830). The ALJ gave little weight to Dr. Chiang's opinion because it was inconsistent with the objective medical record. AR 29 (citing to numerous records of objective physical examinations and imaging). Indeed, Dr. Chiang's opinions are inconsistent with her

9

own notes. While her November 2014 opinion limits plaintiff to 15 minutes of standing and sitting, as recently as August of 2014 Dr. Chiang had concluded that plaintiff had no limitations on her activities and could walk 2 miles. Compare AR 812 with AR 1549. As to Dr. Chiang's opinion that plaintiff is precluded from work, this kind of legal conclusion by physician is not dispositive. AR 812. It is well established that the ultimate issue of disability is an issue that is exclusively reserved for the Commissioner. See 20 C.F.R. § 404.1527(d).

Furthermore, the ALJ notes that the state consultants provide opinions consistent with the plaintiff's record and which contradict Dr. Chiang. AR 30. Two physicians, Drs. B. Harris and G. Taylor, directly contradicted Dr. Chiang's findings that plaintiff was unable to stand for more than 15 minutes and unable to sit for more than 10 to 15 minutes. AR 812, 814, 81 (ECF No. 12-4), 94-95. Dr. Harris and Dr. Taylor found that plaintiff could stand and/or walk for about 6 hours in and 8-hour workday. AR 81, 94-95. These opinions are adequately supported by the medical record. During an examination on May 14, 2014 with treating physician, Todd L. Lincoln, M.D., plaintiff complained of upper back and neck pain. AR 402 (ECF No. 12-10). However, Dr. Lincoln noted that plaintiff "has a very normal objective orthopedic examination about her hips and lumbar spine today." AR 403.

The ALJ's stated reasons for discounting Dr. Chiang's opinion are both specific and legitimate. See Magallanes v. Bowen, 881 F.2d 747, 751–55 (9th Cir.1989) (upholding rejection of treating physician's opinion that claimant was "disabled" when it was contradicted by the opinions of four other physicians, EMG studies, and other medical tests). Accordingly, the court finds no reversible error, and defendant is entitled to summary judgment on this issue.

C. <u>Absenteeism Limitations</u>

Plaintiff asserts that the ALJ erred by failing to consider the impact of plaintiff's frequent need for medical treatment. ECF No. 16-1 at 30. However, plaintiff does not point to any evidence in the record establishing that plaintiff's need to attend medical appointments would cause excessive absenteeism. ECF No. 16-1 at 30-31. Instead, plaintiff relies on the "extensive" volume of the medical record for an inference that medical appointments would require plaintiff to miss work. Id. at 30. This is argument fails.

10

Plaintiff cites two out-of-circuit cases,[4] neither of which is persuasive. ECF No. 16-1 at 31. Plaintiff also cites Matthews v. Berryhill, 2:17-CV-01000-DWC, 2017 WL 6380346, at *3 (W.D. Wash. Dec. 14, 2017) for the proposition that an ALJ must reassess plaintiff's absences from work to attend medical appointments. ECF No. 16-1 at 31. Plaintiff misreads Matthews. In Matthews, the ALJ found that plaintiff would only be absent from work twelve times per year, and the plaintiff argued that the ALJ's finding was unsupported by the record. However, the court did not decide this issue specifically, and instead determined the ALJ committed reversible error in his treatment of plaintiff's doctor's medical opinion. Matthews, 2017 WL 6380346, at *3. The Matthews court stated that because the ALJ needed to reassess the RFC for other reasons, work absences would also need to be re-assessed in that process. Matthews, 2017 WL 6380346, at *3. This case is distinguishable from Matthews because the ALJ properly weighed plaintiff's treating physician's opinion and therefore remand is not necessary.

### D. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

The ALJ did not err in his treatment of plaintiff's subjective testimony. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged . . . In this analysis, the claimant is not required to show that [his or her] impairment could reasonably be expected to cause the severity of the symptom she has alleged; [he or she] need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted).

However, the ALJ "must provide clear and convincing reasons to reject a claimant's subjective testimony, by specifically identifying what testimony is not credible and what evidence undermines the claimant's complaints." Id. (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to assure a reviewing

---

[4] Plaintiff cites to Meyer v. Astrue, 662 F.3d 700, 707 n.3 (4th Cir. 2011) and Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000).

11

court that the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

First, the court notes that plaintiff does not identify any specific pain testimony that she alleges was improperly rejected. At the hearing, plaintiff testified that she was separated from her husband and was living with her mother and stepfather. AR 44-45. She stated that she can drive every day. AR 44. Plaintiff testified that she does stretches every morning to enable her to walk around, and does yoga with meditation for half and hour to an hour daily. AR 47. During the day she attends doctors' appointments, spends time with her dogs and does light gardening. Id. Plaintiff stated that she "can't lift a lot" but does do some light housework and cooking. Id. Plaintiff testified that she cannot sit for long periods of time. AR 50. Plaintiff further noted she has dealt with migraines, confusion, and memory issues since October 2015, and suffers from anxiety and panic attacks. AR 56-57. Plaintiff said she can stand three to four hours in a work day with normal breaks, and sit between 15-30 minutes before it becomes painful, and she can lift approximately six pounds. AR 59.

Here, the ALJ found plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with medical evidence and other evidence in the record." AR 29. While an ALJ must not reject a subjective report merely because it is not corroborated by objective medical evidence, Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009), affirmative inconsistencies between subjective reports and objective evidence, are a permissible basis for doing so. See 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir.2005). In this case the ALJ permissibly relied on affirmative inconsistencies with the objective medical evidence, including imaging of plaintiff's lumbar spine which showed only a mild to moderate arthritic changes (AR 499 (ECF No. 12-11), 2420 (ECF No. 12-43)) and imaging of plaintiff's hips which also revealed only a mild to moderate arthritic changes with the most recent one revealing essentially normal hips (AR 498, 1609-1611 (ECF No. 12-29), 2699 (ECF No. 12-47)).

The ALJ points to several portions of the record indicating that plaintiff's subjective complaints of pain weakness do not match her objective physical examinations (AR 322-325 (ECF No. 12-9)) (provider notes from June 2014 showing plaintiff had a normal physical and neurological examination); (AR 383 (ECF No. 12-10)) (physical examining of plaintiff from June 2014 appeared normal); (AR 1374 (ECF No. 12-25)) (provider notes from August 2014 showing tenderness in plaintiff's lower back but plaintiff can move and bend her back); (AR 1413 (ECF No. 12-26)) (provider notes from September 2014 showing plaintiff had normal range of motion in hips and back with decreased range to lumbar back however plaintiff exhibits no tenderness, swelling, edema, deformity and no laceration to lumbar back); (AR 2055 (ECF No. 12-36)) (provider notes showing physical examination of plaintiff normal in March 2015, including full range of motion in back despite diffuse tenderness in lower back); (AR 2125 (ECF No. 12-37)) (provider notes from April 2015 revealed plaintiff had diffuse pain but she had a negative straight leg elevation test and is able to ambulate); (AR 2868 (ECF No. 12-50)) (provider notes from March 2016 showing plaintiff did not have any back or neck pain).

The ALJ also noted that "objective mental status examinations of plaintiff are inconsistent with plaintiff's alleged severity of her symptoms" (AR 29) (AR 1413 (ECF No. 12-26)) (provider notes from September 2014 showing plaintiff had normal mood and behavior); (AR 1443) (provider notes from September 2014 showing plaintiff is seeing psychiatrist to cope with pain); (AR 1506) (provider notes from November 2014 showing plaintiff's coping skills have improved); (AR 1530 (ECF No. 12-28)) (provider notes from November 2014 showing plaintiff did not have suicidal ideation and normal neurological exam but was crying intermittent); (AR 1540) (provider notes from November 2014 showing plaintiff had a normal mood); (AR 1566) (provider notes from December 2014 showing plaintiff is receiving therapy from a mental health department); (AR 1692 (ECF No. 12-30)) (provider notes from February 2015 showing plaintiff had a fair attention, concentration, normal fund of knowledge, and marginal impulse control, insight, and judgment); (AR 1864 (ECF No. 12-33))) (provider notes from October 2015 showing plaintiff was anxious due to a motor vehicle accident but had a fair attention, concentration, normal fund of knowledge, and fair/marginal impulse control, insight, and judgment); (AR 1984

(ECF No. 12-35) (provider notes from June 2016 showing plaintiff had a fair attention, concentration, normal fund of knowledge, and marginal impulse control, insight, and judgment).

The ALJ reasonably found that plaintiff's activities of daily living do not support the level of subjective complaints. AR 29 (ECF No. 12-3). Plaintiff testified at her hearing that she could not sit or stand for more than 15 to 30 minutes, experienced confusion, had trouble paying attention, and did not finish what she stated. AR 56, 53, 232 (ECF No. 12-7). However, she also stated that she could prepare meals, perform household chores, drive, run errands, follow written and verbal instructions, and handle her own finances. AR 229-32, 2359 (ECF No. 12-42). Plaintiff's engagement in numerous daily activities involving skills that could be transferred to the workplace gave the ALJ a reason to discredit her subjective allegations. Fair, 885 F.2d at 603; Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir.1999) (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work).

Because the ALJ identified substantial evidence that supports his credibility finding, this court "may not engage in second-guessing." Thomas, 278 F.3d at 958. There is no reversible error, and defendant is entitled to summary judgment on this issue.

E. The ALJ Improperly Discounted Lay Witness Statements, But the Error is Harmless

The ALJ erred in discounting the testimony of plaintiff's ex-husband Jason Murphy and plaintiff's mother, Cheryl Rindt. AR 30. As a general matter, the ALJ may discount the testimony of lay witnesses only if he or she provides specific "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); accord Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). The ALJ discounted Mr. Murphy and Ms. Rindt's testimony because their opinions "do not amount to evidence that would change the determination made in this decision according to SSA Regulations." AR 30.

It was not proper for the ALJ to discount Mr. Murphy and Ms. Rindt's statements on this basis. The Ninth Circuit has held that "family members in a position to observe a claimant's

14

symptoms and daily activities are competent to testify as to [his] condition." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). "Disregard of this evidence violates the Secretary's regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work. 20 C.F.R. § 404.1513(e)(2)." Id. The ALJ erred in failing to identify specific reasons, germane to each witness, for disregarding their statements.

The error is harmless, however. See Molina, 674 F.3d at 1117 (harmless error to reject lay witness testimony that "does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony"). The lay witness testimony at issue here echoed the properly discounted testimony from the plaintiff and is insufficient to support a finding of disability for the same reasons. Mr. Murphy and Ms. Rindt's statements, like plaintiff's own pain testimony, were inconsistent with plaintiff's level of daily activities. AR 213-221 (ECF No. 12-7, Mr. Murphy stating plaintiff can sit or stand for only 15-30 minutes at a time); 311-313 (Ms. Rindt's letter statement speaking generally to plaintiff's chronic pain and mental health concerns); 227-239 (plaintiff's self-report largely echoing Mr. Murphy and Ms. Rindt's report); see Valentine v. Comm'r., 574 F.3d 685, 694 (9th Cir. 2009) (an ALJ may reject lay witness testimony if it is based on or similar to a claimant's testimony that has been properly discounted).

Because Mr. Murphy and Ms. Rindt's testimony matched that of plaintiff, it was harmless error for the ALJ to discount their opinions without articulating a proper basis for the credibility determination. See Molina, 674 F.3d at 1122 (upholding ALJ decision where error is inconsequential to the ultimate nondisability determination). Accordingly, defendant is entitled to summary judgment on this issue.

VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19), is GRANTED; and

////

15

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: March 19, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE